UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ROBERT JESSE SMALLWOOD,  )
                         )
     Plaintiff,          )  Civil No.: 10-260-GFVT
                         )
V.                       )  **MEMORANDUM OPINION**
                         )  **&**
UNITED STATES OF AMERICA, ET AL.  )  **ORDER**
                         )
     Defendants.         )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert Jesse Smallwood, a former federal inmate who was previously housed at the United States Penitentiary in Pine Knot, Kentucky, filed this action asserting *Bivens* and FTCA claims arising from an assault inflicted on him at the hands of another inmate. The United States filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment, [R. 52], to which Smallwood has filed no response even after a show cause order. For the foregoing reasons, the United States' motion is GRANTED.

I

On January 30, 1990, Robert Jesse Smallwood was sentenced in the Western District of Texas to a term of 288 months imprisonment, followed by five years of supervised release, after pleading guilty to possession with intent to distribute methamphetamine and possession of chemicals with intent to manufacture a controlled substance in violation of 21 U.S.C. §§ 841(A)(1) and 841(D)(1). Smallwood was housed at the United States Penitentiary in Pine Knot, Kentucky (USP McCreary) from May 22, 2008 to October 20, 2008. Smallwood was

subsequently released from custody on June 10, 2011.

The instant suit arises out of an assault at USP McCreary. Smallwood alleges that on September 5, 2008, he was placed in a cell with Inmate B.P.1 [R. 50 at ¶ 17]. On September 20, 2008, he was attacked by Inmate B.P. [R. 50 at ¶ 17]. As a result of the attack, he suffered head injuries, including brain hemorrhages and fractured facial bones; he was comatose for several days and claims he also suffered mental incapacitation. [Id. at § 18].

The assault by Inmate B.P. is recounted in Incident Reports 1780300, 1780301, 1780302, and 1780304. [*See* Dec. of Martinez, ¶ 8, Attachment E, DHO Reports, R. 52-8]. On September 20, 2008, at 4:15 p.m., prison staff heard yelling coming from the cell occupied by Smallwood and Inmate B.P. By the time staff arrived, officers observed Inmate B.P. standing over Smallwood, who was lying on the floor immobile and was bleeding profusely from his face. Inmate B.P. kicked Smallwood several more times in the face, but after a scuffle with prison staff, B.P. was restrained. Smallwood was transported to the Scott County Hospital and was airlifted to the University of Tennessee Medical Center in Knoxville, Tennessee. Inmate B.P. subsequently faced criminal charges for assault resulting in serious bodily injury to Smallwood and three counts of assault of a federal official. [*United States v. B.P.*, 09-CR-00031-GFVT, filed May 29, 2009; Dec. of Martinez at ¶ 8]. According to investigation materials from the Incident Reports, both Smallwood and B.P. had been drinking alcohol prior to the incident. [Dec. of Martinez, ¶ 8, Attachment E, DHO Reports, R. 52-8]. In a hearing, Inmate B.P. indicated that he had no recollection of what took place that afternoon of the incident. [*Id.*]

Smallwood has been incarcerated with the Bureau of Prisons (BOP) since 1990. [Dec. of Martinez at ¶ 9, Attachment A, R. 52-3]. He has incurred seventeen disciplinary actions,

fourteen of which were related to use and possession of intoxicants or drugs. [Dec. of Martinez at ¶ 9, Attachment F, Robert Smallwood Chronological Disciplinary Record, R. 52-9 at ¶ 9]. He has also been disciplined for assaulting another inmate. [*Id*.] Inmate B.P. has been incarcerated with the BOP since 1995. [Dec. of Martinez at ¶ 9, Attachment G, B.P. Chronological Disciplinary Record, R. 52-10 at ¶ 9]. Prior to the underlying assault, Inmate B.P. had four incidents of fighting or assaulting another person. [*Id*.] Only one of these incidents occurred at USP McCreary. On June 26, 2008, B.P. and two other inmates were seen hitting another inmate with closed fists. [Dec. of Martinez at ¶ 9, Attachment I, Inmate B.P. DHO Report 1748107, R. 52-11]. After being ordered to stop the assault, the inmates complied and separated without further incident. [*Id*.] Smallwood and Inmate B.P. were previously housed together at USP Beaumont, Texas between May 2007 and May 2008 without incident. [Dec. of Martinez at ¶ 10, Attachment A, R. 52-3 at 8; Attachment G, R. 52-10 at 7-8; Attachment J, R. 52-13]. The two inmates were members of the same gang and BOP officials observed nothing that would indicate a conflict between the two prior to the September 20, 2008 assault. [*Id*.]

Smallwood has filed sixteen Administrative Remedies since his initial incarceration with the BOP began in 1990. [Dec. of Martinez at ¶ 7, Attachment C, R. 52-6]. Seven of those addressed allegations of inadequate medical care after the September 20, 2008 assault. [*Id*., Attachment D, Administrative Remedy No. 544012, R. 52-7].

On September 15, 2010, Smallwood also filed an administrative tort claim regarding his placement with Inmate B.P. at USP McCreary. [Dec. of Martinez at ¶ 6, R. 50-1, Exhibit A (2), Form 95; R. 50-2, Exhibit B Track and Confirm Search Results]. Smallwood claimed that, in light of B.P.'s alleged mental issues and prior history of violence, the United States was negligent

---

[1] For privacy reasons, the assailant is referred to as "Inmate B.P." or "B.P." The United States has redacted the

3

in placing him in the same cell as B.P. [R. 50-1 at 2]. He also sought $2,000,000 in personal injury for the injuries he suffered as a result of the September 20, 2008 assault. [*Id*.] On April 25, 2011, the Mid-Atlantic Regional Counsel denied Smallwood's administrative tort claim. [Dec. of Martinez at ¶ 6, Attachment B, TRT-MXR-2011-00215, R. 52-5 at 4]. The Counsel advised Smallwood of its decision by letter delivered to his last known home address and informed him that he had six months to file a complaint in the appropriate district court. [*Id*.]

Smallwood filed the instant suit with this Court on September 20, 2010. [R. 1]. In his most recent Amended Complaint, [R. 50], Smallwood brings both a *Bivens* action and a Federal Tort Claims Act claim arising from this incident. In his *Bivens* action, he claims that his Eighth Amendment right against cruel and unusual punishment was violated when the Bureau of Prisons failed to protect him, an inmate, from prison violence at the hands of other inmates. [*Id*. at ¶ 19]. He does not name any defendant in his or her personal capacity, however. He also brings a claim under the Federal Tort Claims Act, alleging that the United States negligently failed to protect Smallwood from the attack and, ostensibly, that the United States was negligent in making safety and security decisions relating to his cell placement with Inmate B.P. [*Id*. at ¶ 21]. He also brings claims alleging gross negligence and "intentional or negligent infliction of emotional distress," apparently pursuant to the FTCA. [*Id.* at ¶ 20, 22].

After withdrawing an earlier motion to dismiss based on an prior version of the Complaint,[2] the United States filed the instant Motion to Dismiss, or in the Alternative, a Motion

---

assailant's name from its exhibits, in which his name is abbreviated variously as "B.P.," "Inmate B.P.," or "B.L.P."
[2] The United States filed its initial motion to dismiss on March 28, 2013. [R. 35]. By way of response, Smallwood filed a Tendered Amended Complaint in the record. [R. 39]. The United States moved to strike this Tendered Amended Complaint as untimely, [R. 41], but it later withdrew that motion and requested that the Court deny its initial Motion to Dismiss without prejudice, with leave to renew that motion so as to respond to the Amended Complaint. [R. 46]. The Court granted that motion in an Order dated March 4, 2014, and expressly provided that response and reply times to that renewed motion would be in accordance with Local Rule 7.1. [R. 49].

for Summary Judgment on April 1, 2014. [R. 52]. Smallwood, who is represented by counsel, did not file a response. On January 21, 2015, the Court entered an order demanding that Smallwood show cause as to why no response was filed. [R. 53]. Again, Smallwood did not file a response to the Show Cause Order, nor did he request an extension of time to file a response to the Motion to Dismiss. Accordingly, this Court will treat the Motion to Dismiss or Motion for Summary Judgment as unopposed – though it must still engage in an analysis of the movant's arguments. *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.,* 138 F.3d 612, 614 (6th Cir.1998)) (noting that, notwithstanding local rules regarding response times, "[w]hen a non-moving party fails to respond, . . . the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden.").

II

A

The United States moves to dismiss Smallwood's *Bivens* action pursuant to Federal Rule of Civil Procedure 12(b)(6), which allows a defendant to seek dismissal of a complaint which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, as is now well known, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a plaintiff need not provide "detailed factual allegations," he must advance more than "a formulaic recitation of the elements of a cause of action." *Id*. (citing *Twombly*, 550 U.S. at 555). A court reviewing a 12(b)(6) motion must "accept all the Plaintiffs'

5

factual allegations as true and construe the complaint in the light most favorable to the Plaintiffs," *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005), but it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (citing *Twombly*, 550 U.S. at 556). Ultimately, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Rule 12(d) provides that, where the Court considers and relies upon matters outside the the pleadings, a motion to dismiss under Rule 12 "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Accordingly, because – in relation to the United States' motion to dismiss Smallwoods' *Bivens* claim – the Court has considered the content in the declarations and exhibits provided by the United States, the Court converts that motion into a motion for summary judgment, the alternative relief requested by the United States. *See Soper v. Hoben,* 195 F.3d 845, 850 (6th Cir. 1999).

Under Rule 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). The burden is initially on the moving party to inform "the district court of the basis of its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of a material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may

make this showing by demonstrating the absence of evidence to support one of the essential elements of the nonmoving party's claim.  *Id*. at 322-25.  Once this burden is met, the nonmoving party bears the "burden of producing in turn evidence which would support a jury verdict."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The United States also moves to dismiss Smallwoods' FTCA claim under Rule 12(b)(1) for lack of subject matter jurisdiction. "When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).  Under Rule 12(b)(1), there are two types of attacks on jurisdiction: facial and factual.  *See Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.,* 491 F.3d 320, 330 (6th Cir.2007).  A facial attack alleges that a complaint insufficiently pleads subject matter jurisdiction, and a court reviewing such a challenge "assumes that the allegations in the complaint are true, just as in a Rule 12(b)(6) motion to dismiss."  *Parker v. United States*, No. CIV. 11-176-ART, 2012 WL 2414887, at *2 (E.D. Ky. June 26, 2012) (citing *Gentek*, 491 F.3d at 330).  In contrast, a factual attack disputes the facts alleged in a complaint that purport to establish subject matter jurisdiction.  *Id.*  In reviewing that kind of attack, there is no presumption of truthfulness, and a court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id.* (citing *Gentek*, 491 F.3d at 330).  The United States' motion to dismiss Smallwood's FTCA claims falls into both categories.  First, it contends that, as a matter of law, the activity challenged in Smallwood's FTCA claim is discretionary and outside the scope of the FTCA.  Second, it contends that "Smallwood's submission does not factually support his claim" since there is no evidence of a specific threat on his life.

7

B

Smallwood's *Bivens* claims must be dismissed because he has failed to exhaust his administrative remedies and, moreover, his claims are barred by the statute of limitations. Under the Prison Litigation Reform Act of 1995, prisoners are required to exhaust their administrative remedies before filing a lawsuit regarding prison conditions in a district court. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 525 (2002) (holding that the PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstance or particular episodes, and whether they allege excessive force or some other wrong"). Moreover, exhaustion of the administrative remedy process requires "compliance with an agency's deadline and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The BOP's administrative remedy scheme provides a four-tiered grievance process for inmates who have a complaint about their confinement. *See* Administrative Remedy Program Statement No. 1330.16; *see also* 28 C.F.R. §§ 542.10-542.19. First, before resorting to a formal administrative remedy request, an inmate is required to present the issue of concern informally to staff. If the inmate cannot informally resolve the complaint, he may initiate the formal remedy process by filing a formal written request on the appropriate BOP form with the Warden. 28 C.F.R. § 542.14. The inmate may appeal an adverse decision to the Regional Director on the appropriate Regional Administrative Remedy Appeal form. 28 C.F.R. § 542.15. From there, the inmate may appeal to the Office of General Counsel of the BOP. *Id.*

Smallwood's seven Administrative Remedy requests relating to the September 20, 2010 assault (Administrative Remedy No. 544012) relate only to the adequacy of the medical treatment he received for his injuries. [Dec. of Martinez at ¶ 7, Attachment C, R. 52-6 at 7-9;

Attachment D, Administrative Remedy Request Form No. 544012, R. 52-7 at 1 ("I would like [the injuries resulting from the September 20, 2008 assault] fully and properly addressed with adequate treatment.")]. Smallwood appealed that request through all levels of the administrative process. [*Id.*][3] However, none of his administrative remedy requests raised an Eighth Amendment claim for failure to protect – the sole *Bivens* allegation set forth in his Complaint. [R. 50]. No part of his complaint challenges the adequacy of Smallwood's medical care; instead, it focuses on the allegation that prison officials failed to "protect [Smallwood] from violence at the hands of other prisoners." [*Id.* at ¶ 20]. The fact that Smallwood has also filed an FTCA claim and that he has since been released from custody does not exempt him from satisfying the PLRA's administrative exhaustion requirements. *See, e.g.*, *Clay v. United States*, No. 05-CV-599-KKC, 2006 WL 2711750 at *12 (E.D. Ky. Sept. 21, 2006) ("The fact that the Plaintiff fully exhausted his FTCA claim did not relieve him of his duty to fully exhaust his *Bivens* claims."); *Cox v. Mayer*, 332 F.3d 422, 424-45 (6th Cir. 2013) (holding that an intervening release does not excuse failure to exhaust remedies, since it is the status of the plaintiff at the time the suit was brought that governs). Smallwood, having filed no response, offers no authority or facts to the contrary. Accordingly, Smallwood has failed to exhaust, or even initiate, an Administrative Remedy request for his Eighth Amendment failure to protect claim.

Moreover, Smallwood's Eighth Amendment claim is time-barred. Because federal courts borrow the statute of limitations of the state in which they sit, *Bivens* actions are subject to a one-year statute of limitations under Kentucky law. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (citing *McSurely v. Hutchison,* 823 F.2d 1002 (6th Cir. 1987)). Federal law, however,

---

[3] Smallwood also raised a separate Administrative Remedy Request (No. 553843) regarding the alleged inadequacy or delay in his medical care on August 17, 2009. [*See* Dec. of Martinez at ¶ 7, Attachment C, R. 52-6 at 6]. However, this claim was not pursued through further appeals and was apparently withdrawn on September 14, 2009. [*Id.*]

9

governs the accrual of *Bivens* claims. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Under federal law, a claim accrues when the plaintiff knows or has reason to know that the act providing the basis for his injury has occurred. *Id.*

Here, at the latest, the one-year clock began to run on Smallwood's Eighth Amendment action on September 20, 2008 – the day the assault occurred. Since he was the victim of the assault that gave rise to the alleged constitutional violation, Smallwood would have been well aware of this date. Under Kentucky law, the statute of limitations expired on September 20, 2009, but this suit was not filed until September 20, 2010. [R. 1].

The statute of limitations may be tolled pending completion of the administrative remedy process – but it is "only tolled while the inmate diligently pursues exhaustion." *Gross v. Bureau of Prisons*, No. 7:08-111-KKC, 2008 WL 2280094, *3 (E.D. Ky. May 30, 2008). Since Smallwood failed to raise or even initiate a constitutional claim in the administrative remedy process, it cannot be said that he is still "diligently pursuing" exhaustion of that claim. Having filed no response, Smallwood does not offer – and the Court cannot find – any basis for equitable tolling here. Accordingly, Smallwood's *Bivens* claim for alleged Eighth Amendment violations is time-barred, and the United States is entitled to summary judgment on that claim.

C

The United States next argues that the discretionary function exception applies to Smallwood's FTCA claim, so this Court is without subject matter jurisdiction over that claim. In his FTCA claim, Smallwood's complaint alleges that the United States was negligent in failing to protect him from injury at the hands of other prisoners. [R. 50 at ¶ 22]. Ostensibly, he alleges that the United States was negligent in making safety and security decisions relating to his cell placement with B.P. and his protection in that arrangement. He also brings a claim for gross

negligence and intentional or negligent infliction of emotional distress, apparently pursuant to the FTCA.  [R. 50 at ¶ 22].

The United States as a sovereign is immune from suit unless it has waived its immunity and consented to be sued. *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (citing *United States v. Sherwood*, 312 U.S. 584 (1941)). Where the United States has consented to be sued, "Congress may define the conditions under which suits will be permitted." *Id.* (citing *Kendall v. United States*, 107 U.S. 123, 125 (1882)). The Federal Tort Claims Act authorizes suits against the United States for damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1).  However, the discretionary function exception "preserves some of the [United States'] sovereign immunity." *Rich v. United States*, 119 F.3d 447, 450 (6th Cir. 1997).  The statute excludes from the scope of the government's immunity:

> [a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C.A. § 2680(a).  "If a case falls within the statutory exceptions of 28 U.S.C. § 2680, the court lacks subject matter jurisdiction."  *Feyers v. United States*, 749 F.2d 1222, 1225 (6th Cir. 1984).

The Supreme Court has explained that "discretionary acts and functions of government were intended to be protected from suit, and that '[w]here there is room for policy judgment and decision there is discretion.'" *Rich*, 119 F.3d at 450 (6th Cir. 1997) (citing *Dalehite v. United States,* 73 S.Ct. 956, 968 (1953)). The Court has identified two conditions that must be met in order to trigger the discretionary function exception. First, the action must be one that "involves

11

an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Second, the challenged action must be one "based on considerations of public policy" and "of the kind that the discretionary function exception was designed to shield." *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (quoting *Berkovitz*, 486 U.S. at 536).

The first prong of the exception asks whether the action is indeed discretionary in nature – that is, whether the nature of the conduct "involves an element of judgment or choice." *Gaubert*, 499 U.S. 315, 322 (1991) (citing *Berkovitz,* 486 U.S. at 536). Thus, the exception will not apply "when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" and leaves no room for judgment or choice. *Id.* at 536.

The Sixth Circuit has held that the statutes and regulations governing the BOP do not prescribe a mandatory duty on the part of BOP officials in making decisions regarding an inmate's safety, but instead leave such decisions to the discretion of the agency. *Montez ex rel. Estate of Hearlson v. United States*, 359 F.3d 392, 397 (6th Cir. 2004); *see also Cohen v. United States,* 151 F.3d 1338, 1342 (11th Cir. 1998); *Calderon v. United States,* 123 F.3d 947 (7th Cir.1997). The *Montez* Court noted that although the BOP's guiding statutes broadly require that the BOP "provide for the safekeeping" and "provide for the protection" of federal inmates, "BOP officials are given no guidance, and thus have discretion, in deciding how to accomplish these objectives." *Id.* at 396. The Court also surveyed the applicable regulations, none of which contained any mandatory language. *Id.* at 397. It concluded that safety and security decisions relating to inmate housing and protection are committed to the discretion of the BOP. *Id. See also Parker v. United States*, No. CIV. 11-176-ART, 2012 WL 2414887, at *3 (E.D. Ky. June 26, 2012) ("[T]he BOP has discretion to determine how to accomplish its statutory duty to provide for the safety of inmates."). In the absence of evidence of a specific threat against the

12

inmate, such policy-driven decisions are of the kind that the discretionary function exception was designed to shield. *Id.* at 399. The actions challenged by Smallwood – safety and housing decisions made by the BOP – are therefore subject to the discretionary function exception.

The Sixth Circuit has carved out an exception where prison officials negligently fail to protect an inmate in response to a "specific and immediate threat" against the inmate. *See Montez*, 359 F.3d at 398. But this exception is unavailing for Smallwood. Nowhere in his complaint does he specifically allege that a "specific and immediate threat" existed, and he has set forth no facts to make that level of threat plausible. Smallwood alleges that B.P. had been ordered to undergo mental and medical treatment "due to [his] violent nature," and that prison officials were "well aware" of B.P.'s violent tendencies. But these are merely "nonspecific threat[s]" or, at best, "conclusory statements regarding the existence of a threat." *Montez*, 359 F.3d at 398. The fact that B.P. was undergoing mental treatment and had shown violent tendencies prior to the assault does not demonstrate the existence of a specific and immediate threat against Smallwood. *Accord id.* It cannot be reasonably inferred that the specific and immediate threat exception applies simply because Smallwood was attacked. *See Parker v. United States*, No. CIV. 11-176-ART, 2012 WL 2414887, at *4 n.1 (E.D. Ky. June 26, 2012) ("If officials were aware of a specific and immediate threat, they may be liable under the FTCA. But it does not follow that BOP officials were negligent . . . simply because [an inmate] was attacked."). Without any allegations to make it plausible that a specific and immediate threat existed, Smallwood's FTCA claims fall within the discretionary function exception. This Court is without subject matter jurisdiction over the FTCA claim, and it must be dismissed. Having dismissed the FTCA claim on this ground, the Court need not address the United States' alternative argument that the FTCA claim failed to comply with the applicable statute of

limitations.

### III

Accordingly, for the aforementioned reasons, it is hereby **ORDERED** as follows:

1. The United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [R. 52] is **GRANTED**;

2. The United States' Motion for an Extension of Time to File its Motion to Dismiss [R. 51] is **GRANTED**;

3. Smallwood's claims are **DISMISSED WITH PREJUDICE**;

4. This matter is **STRICKEN** from the Court's active docket.

This the 23rd day of February, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge